IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

MANUELA CANGAR

                              CASE NO.:

    Plaintiff,

v.

LUXOTTICA RETAIL NORTH
AMERICA INC., k/n/a LUXOTTICA
OF AMERICAN, INC. d/b/a
LENSCRAFTERS, a Foreign Profit
Corporation

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, MANUELA CANGAR (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby sues the Defendant, LUXOTTICA RETAIL NORTH AMERICA INC., k/n/a LUXOTTICA OF AMERICA d/b/a LENSCRAFTERS, a Foreign Profit Corporation (hereinafter "Defendant"), and states as follows:

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 1981, ("Section 1981") to recover front pay, back pay, overtime wages, liquidated damages, compensatory damages, pain and suffering, punitive damages, injunctive relief, reasonable

attorneys' fees and costs, declaratory relief, interest, and any other relief to which the Plaintiff is entitled including but not limited to, equitable relief.  Defendant discriminated against, paid less, harassed, and retaliated against Plaintiff on the basis of race (Black/African American/Haitian), and due to her complaints of illegal harassment and discrimination.  The Defendant permitted racial discrimination and harassment to infest its Orlando facility.  After Plaintiff complained, Defendant retaliated against Plaintiff, by threatening to put her on suspension and then within a few minutes terminating her for pretextual reasons.

## VENUE AND JURISDICTION AND PARTIES

1. Venue lies within the Orlando Division of the United States District Court- Middle District because a substantial part of the events giving rise to this claim arose in this judicial district.

2. Defendant is a Foreign Profit Corporation conducting business in Orange County, Florida. Defendant owns and operates a facility located at 8001 Orange Blossom Trail, Suite 420, Orlando, Florida, 32809.

3. Defendant is an "employer" as defined by the laws under which this action is brought.

4. Plaintiff was a resident of Orange County, Florida.

5. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for her

services.

6. Plaintiff requests a jury trial on all counts herein.

7. At all times material, Defendant acted in a willful manner, with malice and with reckless disregard for Plaintiff's federally rights.

8. At all times material, Plaintiff was an "Employee" for Defendant as that term is defined pursuant to 42 U.S.C. Section 1981.

## FACTS

9. Plaintiff was originally hired in 2011 as a Sales Associate by and for Defendant.

10. Plaintiff was the only (African American and Haitian) native employed by Defendant.

11. Plaintiff was paid less than and differently than Caucasians/males in her same position and/or that performed the same job duties.

12. On several occasions, Plaintiff was addressed as "the main dark skinned individual" by two employees hired by Defendant.

13. Plaintiff was asked by said employees if her hair was "genuine" and was told that she had an "accent."

14. When an African American was caught stealing from the Defendant, Defendant's employees told Plaintiff, "Your kind stole from us."

15. Plaintiff had a brief discussion with another male assistant store

manager of non-African American race in which he shared the same role and job duties as Plaintiff. The assistant store manager mentioned that he was making $14.00 per hour while Plaintiff made $11.50 per hour.

16. Plaintiff reported at least 10 times to her Defendant's manager that the store had a leak but was ignored. After Plaintiff reported the leak to Defendant's Vice President she immediately started being retaliated against by her boss. Her boss when visiting other stores would not visit hers and when they were on conference calls during roll call her name would be skipped. Once when Plaintiff was expressing concern about safety at the store because of the leak Defendant's manager started yelling at her an ultimately hung up on her.

17. Another assistant store manager started retaliating against Plaintiff, as she wanted her colleague to assume Plaintiff's position at the store. The assistant store manager and her colleague then fabricated a report to Defendant's corporate management team stating Plaintiff had poor customer service skills. Plaintiff, at the date they mentioned to have witnessed said poor customer service skills, was off from work.

18. Before her firing, Plaintiff had several meetings with her regional managers and complained about the way she was treated and expressed deep complaints about how non-African Americans and men were treated and paid significantly better than African Americans and women. Defendant took no action

on her complaints.

19. In 2014, Plaintiff slipped and fell while at work. Despite having suffered injuries to her face and arm, she returned to work the next day. The store manager then mentioned to Plaintiff, "Did you get into a fight and not win" while laughing. In shock, Plaintiff mentioned to the store manager that the injuries sustained were a result of a slip and fall accident that took place on the store premises and that she tried to call out for the day and was still told she needed to come in as there was no one to cover her job duties.

20. Defendant hired another non-African American male employee that shared the same job duties and role as Plaintiff. He immediately started making more than Plaintiff.

21. The new employee hired by Defendant, referred to Plaintiff as a "black mamba snake from Africa."

22. On or about October of 2017, Plaintiff received a write up for using her Paid Time Off even though it was her right and entitlement per company policy.

23. After a close relative passed away, Plaintiff requested to use some of her Paid Time Off hours and was denied.

24. On or about November of 2018, based upon the discriminatory treatment and harassment she had endured, Plaintiff informed management that she would be resigning effective January 2019. Retaliation by Defendant began almost

immediately when Defendant's loss prevention team falsely notified and accused Plaintiff of committing discount abuse. Defendant then tried to force Plaintiff into signing a document confirming the discount abuse. Plaintiff informed Defendant, that she would retain an attorney. Shortly after, Defendant called the Police and informed Plaintiff that her termination was effective immediately. Defendant further humiliated Plaintiff by having her trespassed.  Had Plaintiff been Caucasian, she would not have been treated in this manner.

## COUNT I
## RACE DISCRIMINATION – 42 U.S.C. SECTION 1981

25. Plaintiff re-alleges and adopts paragraphs 1-23 as though set forth fully herein.

26. Defendant's decision to pay Plaintiff less than Caucasian males, harass Plaintiff, discipline Plaintiff, and terminate her employment were motived by her race.

27. Plaintiff would not have suffered the above adverse actions and less pay if she were Caucasian.

28. As a result of the unlawful discrimination described above, Plaintiff has suffered damages.  Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

29. The discrimination described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

30. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

 e. Punitive damages;

 f. Attorneys' fees and costs;

 g. Injunctive relief;

 h. Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state and federal law; and

 i. Any other relief this Court deems just and equitable.

## COUNT II
### RETALIATION– 42 U.S.C. SECTION 1981

31. Plaintiff re-alleges and adopts paragraphs 1-23 as though set forth fully herein.

32. Defendant harassed and terminated Plaintiff as a result of her objections/complaints to racism in the workplace, harassment and being paid less than Caucasian and Caucasian men.

33. Plaintiff would not have suffered the above adverse actions and less pay if she were Caucasian.

34. As a result of the unlawful retaliation described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

35. The retaliation described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

36. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

  f. Attorneys' fees and costs;

  g. Injunctive relief;

  h. Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state and federal law; and

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted this <u>28th</u> day of November, 2022.

    CHANFRAU & CHANFRAU, P. L.

    */s/ Kelly H. Chanfrau*_____
    Kelly H. Chanfrau, B.C.S.
    Florida Bar No. 560111
    Taylor Carley, Esq.
    Florida Bar No. 1022466
    701 N. Peninsula Drive
    Daytona Beach, FL, 32118
    Telephone: 386-258-7313
    Facsimile: 386-238-1464
    Email: Kelly@Chanfraulaw.com
    Email: Taylor@Chanfraulaw.com
    Secondary: Melanie@Chanfraulaw.com
    Secondary: Dahiana@Chanfraulaw.com
    TRIAL COUNSEL FOR PLAINTIFF